Muriel B. Kaplan, Esq. (SBN 124607)
Michele R. Stafford, Esq. (SBN 172509)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
mkaplan@sjlawcorp.com
mstafford@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISTRICT COUNCIL 16 NORTHERN CALIFORNIA HEALTH AND WELFARE TRUST FUND, et al.,<br><br>     Plaintiffs,<br><br>          v.<br><br>UNIVERSAL FLOORING, INC., a California Corporation,<br><br>     Defendant. | Case No.: C10-1813 SBA<br><br>**NOTICE AND ACKNOWLEDGMENT and JUDGMENT PURSUANT TO STIPULATION** |

IT IS HEREBY STIPULATED by and between the parties hereto, that Judgment may be entered in the within action in favor of the Plaintiffs DISTRICT COUNCIL 16 NORTHERN CALIFORNIA HEALTH AND WELFARE TRUST FUND, et al. (collectively "Plaintiffs" or "Trust Funds") and against Defendant UNIVERSAL FLOORING, INC., a California corporation ("Defendant"), and its successor entities, as follows:

1.      Defendant entered into a valid Collective Bargaining Agreement with the District Council No. 16 of the International Union of Painters and Allied Trades and the Northern California Floor Covering Association and Floor Covering Association of the Central Coast Counties (hereinafter "Bargaining Agreement").  This Bargaining Agreement has continued in full force and effect to the present time.

2.      Daniel Murguia, RMO of Defendant UNIVERSAL FLOORING, INC., hereby

C:\Documents and Settings\Workstation\Local Settings\Temp\notes06E812\C10-1813 SBA - Judgment Pursuant to Stipulation 060710.doc

1  acknowledges that he is authorized to receive service and has received the following documents in

2  this action: Summons; Complaint; Order Setting Initial Case Management Conference and ADR

3  Deadlines; Judge Armstrong's Standing Orders; Standing Order for All Judges of the Northern

4  District of California; Welcome to the Oakland Divisional Office of the United States District

5  Court; Notice of Availability of Magistrate Judge to Exercise Jurisdiction; Notice of Lawsuit and

6  Request for Waiver of Service of Summons; Waiver of Service of Summons; U.S. District Court

7  Northern California ECF Registration Information Handout; Dispute Resolution Procedures in the

8  Northern District of California; Instructions for Completion of ADR Forms Regarding Selection

9  of an ADR Process; Stipulation and [Proposed Order] Selecting ADR Process; Notice of Need for

10  ADR Phone Conference; ADR Certification by Parties and Counsel; and Certification of

11  Interested Entities or Persons Pursuant to Civil Local Rule 3-16.

12          3.          Defendant has become indebted to the Trust Funds as follows:

| | | |
|---|---|---:|
| September 2009 | 5% Interest (11/1/09 – 12/1/09) | $30.43 |
| October 2009 | 5% Interest (12/1/09) | $1.21 |
| December 2009 | 5% Interest (2/1/10 – 3/1/10) | $50.94 |
| January 2010 | Contributions | $6,750.39 |
| January 2010 | 5% Interest (through 5/6/10) | $61.96 |
| February 2010 | Contributions | $4,791.92 |
| February 2010 | 5% Interest (through 5/6/10) | $23.63 |
| March 2010 | Contributions | $15,015.41 |
| March 2010 | 5% Interest (through 5/6/10) | $12.34 |
| Attorneys' Fees (through 5/5/10) | | $1,626.50 |
| Cost of Suit | | $350.00 |
| **TOTAL** | | **$28,714.73** |

22  Defendant submitted payment in full in the amount of $28,714.73 for the debts listed above on

23  May 13, 2010; the following debts are still owed:

24          //

25          //

26          //

27          //

28          //

-2-
**JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C10-1813 SBA**

| September 2009 | 10% Liquidated Damages | $716.57 | |
| October 2009 | 10% Liquidated Damages | $750.00 | |
| December 2009 | 10% Liquidated Damages | $750.00 | |
| January 2010 | 20% Liquidated Damages | $1,350.08 | |
| February 2010 | 20% Liquidated Damages | $958.38 | |
| March 2010 | 20% Liquidated Damages | $3,003.08 | |
| April 2010 | 20% Liquidated Damages | $7,654.28 | |
| | | | **$15,182.39** |
| April 2010 | Contribution Balance | $38,271.39 | |
| April 2010 | 5% Interest (6/1/10 – 6/2/10) | $10.49 | |
| | | | **$15,182.39** |
| **Attorneys' Fees (5/6/10 - 6/4/10)** | | | **$932.50** |
| **TOTAL DUE** | | | **$54,396.77** |

4. Defendants shall *conditionally* pay the amount of **$39,214.38**, representing all above amounts, less liquidated damages in the amount of **$15,182.39** *conditioned upon Trustees approval and timely compliance with all of the terms of this Stipulation,* as follows:

(a)    Beginning June 30, 2010 and no later than the last business day of each month thereafter for a period of twelve (12) months, through and including May 31, 2011, Defendant shall pay to Plaintiffs the amount of **$3,357.00** per month.  Payments may be made by joint check, to be endorsed prior to submission;

(b)    Defendant shall have the right to increase the monthly payments at any time and there is no penalty for early payment.  Defendant may request a "payout demand" at any time during the payment period;

(c)    Payments shall be applied first to unpaid interest and then to unpaid principal.  The unpaid principal balance shall bear interest at the rate of 5% per annum in accordance with Plaintiffs' Trust Agreements;

(d)    Payments shall be made payable to the "*District Council 16 Health and Welfare Trust Fund*" and delivered to Michele R. Stafford at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California  94104, or to such other address as may be specified by Plaintiffs, **to be <u>received</u> on or before the last business day of each month;**

C:\Documents and Settings\Workstation\Local Settings\Temp\notes06E812\C10-1813 SBA - Judgment Pursuant to Stipulation 060710.doc

1      (e)      Prior to the last payment to be made pursuant to this Stipulation, Plaintiffs

2  will advise Defendant as to the final amount due, including interest and additional attorneys' fees

3  and costs as well as any other amounts due under the terms herein.  Said amount shall be paid with

4  the last payment, on or before May 31, 2011.

5      5.      Beginning with contributions due for hours worked by Defendant's employees

6  during the month of May 2010, to be postmarked no later than June 15, 2010 and delinquent if not

7  received by June 30, 2010, and for every month thereafter, Defendant **shall remain current in**

8  **reporting and payment of any contributions** due to Plaintiffs under the current Collective

9  Bargaining Agreement and under all subsequent Collective Bargaining Agreements, if any, and

10  the Declarations of Trust as amended.  **Defendant shall fax a copy of the contribution report**

11  **for each month, together with a copy of that payment check, to Michele R. Stafford at 415-**

12  **882-9287, prior to sending the payment to the Trust Fund office.   To the extent that**

13  **Defendant is working on a Public Works job, or any other job for which Certified Payroll**

14  **Reports are required, copies of said Reports will be faxed to Michele R. Stafford,**

15  **concurrently with their submission to the general contractor, owner or other reporting**

16  **agency**.

17      6.      Failure by Defendant to remain current in reporting or payment of contributions

18  shall constitute a default of the obligations under this agreement.  Any such unpaid or late paid

19  contributions, together with 20% liquidated damages and 5% per annum interest accrued on

20  contributions, shall be added to and become a part of this Judgment and subject to the terms

21  herein.  Plaintiffs reserve all rights available under the applicable Bargaining Agreement and

22  Declarations of Trust of the Trust Funds for collection of current and future contributions, and for

23  any additional past contributions not included herein as may be determined by Plaintiffs, pursuant

24  to employee timecards or paystubs, by audit, or other means, and the provisions of this agreement

25  are in addition thereto.  Defendant specifically waives the defense of the doctrine res judicata as to

26  any such additional amounts determined as due.

27      7.      Defendant shall make full disclosure of all jobs on which they are working by

28  providing Plaintiffs with an ongoing and updated list of jobs including, but not limited to, name

C:\Documents and Settings\Workstation\Local Settings\Temp\notes06E812\C10-1813 SBA - Judgment Pursuant to Stipulation 060710.doc

1   and address of job, general contractor, certified payroll if a public works job, and period.

2   **Defendant shall fax said updated list each month together with the contribution report (as**

3   **required by this Stipulation) to Michele R. Stafford at 415-882-9287.**

4           8.      Daniel Murguia acknowledges that he is the RMO of UNIVERSAL FLOORING,

5   INC., and that he specifically consents to the Court's jurisdiction as well as the use of a Magistrate

6   Judge for all proceedings herein.  Mr. Murguia (hereinafter "Guarantor") also confirms that he is

7   personally guaranteeing the amounts due pursuant to the terms of this Stipulation and further

8   acknowledges that all affiliates, related entities and successors in interest to UNIVERSAL

9   FLOORING, INC. and/or any subsequent entity wherein Mr. Murguia is a principal shall also be

10   bound by the terms of this Stipulation as Guarantors, and also consents to this Court's jurisdiction

11   as well as the use of a Magistrate Judge.

12           9.      In the event that any check is not timely submitted, or submitted by

13   Defendant/Guarantor but fails to clear the bank, or is unable to be negotiated for any reason for

14   which Defendant/Guarantor is responsible, this shall be considered to be a default on the Judgment

15   entered.  If Defendant/Guarantor fails to submit its contribution reports, certified payroll reports (if

16   any) and job lists or fails to comply with ***any*** of the terms of the Stipulation herein, this too shall

17   constitute a default.

18           If a default occurs, Plaintiffs shall make a written demand, sent via facsimile to

19   Defendant/Guarantor to cure said default.  Default will only be cured by the issuance of a

20   replacement, cashier's check if the default is caused by a failed check, (or at the request of

21   Plaintiffs) to be delivered to Saltzman and Johnson Law Corporation within seven (7) days of the

22   date of the notice from Plaintiffs.  If Defendant/Guarantor elects to cure said default, and Plaintiffs

23   elect to accept future payments, all such payments shall be made by cashier's check if the default

24   is caused by a failed check or upon request by Plaintiffs.

25          10.     In the event the default is not cured, all amounts remaining due hereunder,

26   including conditionally waived damages, as well as any additional amounts due pursuant to the

27   terms herein, shall be due and payable on demand by Plaintiffs as follows:

28             (a)     The entire amount of **$54,396.77** plus interest, reduced by principal

1   payments received by Plaintiffs, but increased by any unpaid contributions then due, plus 20%

2   liquidated damages and 5% per annum interest thereon, shall be immediately due, together with

3   any additional attorneys' fees and costs and other amounts due herein;

4         (b)    A writ of execution may be obtained against Defendant/Guarantor without

5   further notice, in the amount of the unpaid balance, plus any additional amounts under the terms

6   herein, upon declaration of a duly authorized representative of the Plaintiffs setting forth any

7   payment theretofore made by or on behalf of Defendant/Guarantor and the balance due and owing

8   as of the date of default.  Defendant/Guarantor specifically consents to the authority of a

9   Magistrate Judge for all proceedings, including, but not limited to, Plaintiffs' obtaining a writ of

10  execution;

11        (c)    Defendant/Guarantor waives notice of entry of judgment and expressly

12  waives all rights to stay of execution and appeal.  The declaration or affidavit of a duly authorized

13  representative of Plaintiffs as to the balance due and owing as of the date of default shall be

14  sufficient to secure the issuance of a writ of execution;

15        (d)    Defendant/Guarantor shall pay all additional costs and attorneys' fees

16  incurred by Plaintiffs in connection with collection and allocation of the amounts owed by

17  Defendant/Guarantor to Plaintiffs under this Stipulation.

18      11.    Any failure on the part of the Plaintiffs to take any action against

19  Defendant/Guarantor as provided herein in the event of any breach of the provisions of this

20  Stipulation shall not be deemed a waiver of any subsequent breach by the Defendant/Guarantor of

21  any provisions herein.

22      12.    In the event of the filing of a bankruptcy petition by Defendant and/or Guarantor,

23  the parties agree that any payments made by Defendant/Guarantor pursuant to the terms of this

24  judgment, shall be deemed to have been made in the ordinary course of business as provided under

25  11 U.S.C. Section 547(c)(2) and shall not be claimed by Defendant/Guarantor as a preference

26  under 11 U.S.C. Section 547 or otherwise.  Defendant/Guarantor nevertheless represents that no

27  bankruptcy filing is anticipated.

28      13.    Should any provision of this Stipulation be declared or determined by any court of

C:\Documents and Settings\Workstation\Local Settings\Temp\notes06E812\C10-1813 SBA - Judgment Pursuant to Stipulation 060710.doc

competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this Stipulation.

14.     This Stipulation is limited to the agreement between the parties with respect to the delinquent contributions and related sums enumerated herein, owed by Defendant/Guarantor to the Plaintiffs.  This Stipulation does not in any manner relate to withdrawal liability claims, if any. Defendant/Guarantor acknowledge that the Plaintiffs expressly reserve their right to pursue withdrawal liability claims, if any, against Defendant/Guarantor as provided by the Plaintiffs' Plan Documents, Trust Agreements incorporated into their Collective Bargaining Agreement, and the law.

15.     This Stipulation may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute the same instrument.

16.     The parties agree that the Court shall retain jurisdiction of this matter until this Judgment is satisfied.

//

17.     All parties represent and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in connection with entering this Stipulation under the terms and conditions set forth herein, and that they enter into this Stipulation voluntarily.

Dated: June 7, 2010          **UNIVERSAL FLOORING, INC.**


By: _____/s/_____
    Daniel Murguia
    RMO

Dated: June 7, 2010          **DANIEL MURGUIA**


By: _____/s/_____
    Individually, as Guarantor

1    Dated: June 9, 2010                     **SALTZMAN & JOHNSON**
                                             **LAW CORPORATION**
2

3                                            By:  _____/s/_____
4                                                 Michele R. Stafford
                                                  Attorneys for Plaintiffs
5

6    **IT IS SO ORDERED**

7

8    Dated: 6/14/10                          _____
9                                            UNITED STATES DISTRICT COURT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28